ELLIS, Judge:
This is a suit by Harvey H. Smith, individually and on behalf of his minor son, Jammie, for damages arising out of an automobile accident which happened on February 13, 1969. The accident happened when Jammie was struck by an automobile owned by R. E. Arledge and operated by his wife. Defendants are Mr. and Mrs. Arledge and Aetna Insurance Company, their automobile liability insurer. After trial on the merits, but before judgment, Harvey H. Smith died, and his widow, Emma Lois Smith, was substituted in his place as plaintiff.
Judgment was rendered on November 13, 1970, in favor of plaintiff awarding $4,000.00 for Jammie’s personal injuries and costs and special damages, including $500.00 for future medical expenses, total-ling $1,049.01. This appeal was perfected on December 11, 1970. On December 14, 1970, the trial judge signed an ex parte order, on motion of defendants, reducing the special damages to $949.51, for past and future medical expenses. He was, of course, without jurisdiction to change or amend the judgment in any way at that time, because of the appeal.
The findings of the district judge are fully supported by the record, and we adopt them as our own.
“At the time of the occurrences, several witnesses were at hand and they later gave their testimony in court. The at *751 tention of these witnesses was called to the event immediately preceding the accident apparently when Mrs. Arledge attempted to make too quick a start while she was on the semicircular drive. Her wheels spun causing gravel to fly and make some noise. This attracted the witnesses’ attention to her car. When Mrs. Arledge was about to leave the semicircular drive, she should have turned right and gone east on Greenwood Street; however, she attempted to make a left turn which was prohibited at this time. Young Jammie was then dressed in the school patrolman’s outfit and he signaled to Mrs. Arledge that instead of turning left she should back up and turn to the right and exit in an easterly direction. Jammie at the time was on Greenwood Street. It appears that Mrs. Arledge actually drove her car slowly up to Jam-mie and actually may have hit him the first time; nevertheless, it is quite clear that she backed up a short distance and apparently again came in a westerly direction right at Jammie with the apparent intention of continuing west on Greenwood Street. Jammie then was hit or jumped upon the hood of the Arledge vehicle in an effort to escape being run over. In so doing, he injured his knee and it is for these injuries that this suit has been filed.
“This Court has had no difficulty in deciding that there is a clear case of liability against Mrs. Arledge and also against her husband, as she was on a community mission. The testimony of Howard Perkins, Mrs. W. F. Dickerson, Mr. Howard Rogers, Sr., Mrs. Maxine Louviere, Mrs. Marvin Ellis and Jam-mie himself leaves no doubt in the Court’s mind that Mrs. Arledge was negligent in causing this accident.
“In addition, Mrs. Arledge’s testimony is at variance with these other disinterested eye witnesses and, even accepting it as correct, this Court would still be disposed to find her liable.
“One issue presented by the defendant insurance company is that if this Court should determine that Mrs. Arledge was at fault then the Court should determine whether she was actively at fault or simply negligent in causing the accident. They argued that there should be no coverage by the insurance company if this Court should conclude that the damage done was caused intentionally by the insured and they cite under their exceptions that:
“This policy does not apply under Part I:
“(b) to bodily injury or property damage caused intentionally by or at the direction of the insured. * * * :
“At the time of the accident, Mrs. Ar-ledge was traveling at a slow rate of speed and perhaps it was her intention on coming at Jammie the second time simply to have him get out of the way in order that she could continue on her westerly course. There is no indication that she made a deliberate attempt to injure the boy. In fact, this Court finds that the circumstances would be otherwise. Accordingly, the insurer is liable to the extent of his coverage.”
Jammie complained of pain in his left knee after the accident, and was found to be suffering from Osgood-Schlatter’s disease, which was either caused by or aggravated by the accident. At the time of the trial, in May, 1970, he was still suffering from pain in the knee, and his participation in sports was curtailed. It was anticipated that he would have to use some form of knee support, such as an Ace bandage, for several years. The condition probably will persist until growth stops in the leg, possibly as early as age IS or 16. Jammie was 12 at the time of the accident.
 The trial judge awarded $4,000.00 for the personal injuries, and we find this award to be within the limits of his discretion. Our examination of the record reveals that special damages amounting to *752 $182.15 were proven or stipulated to. The judge also awarded $500.00 for future medical expenses, based on medical testimony that periodic examinations of his knee would be necessary and an operation might be necessary after growth stops. We find the award to be reasonable under the circumstances.
The judgment appealed from is therefore amended by reducing the amount of the special damages from $1,049.01 to $682.15, and, as amended, it is affirmed, at defendants’ cost.
Amended and affirmed.